Benjamin R. Graybill
Raph Graybill
GRAYBILL LAW FIRM, P.C.
300 4th Street North
PO Box 3586
Great Falls, MT  59403
Telephone: (406) 452-8566
Fax: (406) 727-3225
brg@silverstatelaw.net
rgraybill@silverstatelaw.net

William A. Rossbach
ROSSBACH LAW, P.C.
401 North Washington Street
Missoula, MT 59807-8988
Telephone: (406) 543-5156
Fax: (406) 728-8878
bill@rossbachlaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RANDY RICHTER, JEANETAMARIE ANDERSON, NICOLE JAMES, JAMAAL JOSEPH, BRIAN LOVELESS, LORI WEBSTER-BRUNO, on behalf of themselves and other persons similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>AUTOZONERS, LLC, AUTOZONE STORES, INC., AUTOZONE PARTS, INC., and AUTOZONE, INC.<br><br>       Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

NOW COME the Plaintiffs, identified above, and for their claims against the

Defendants, allege as follows:

## JURISDICTION AND VENUE

1.      The Court is vested with jurisdiction over this action pursuant to 28

U.S.C. § 1331, as it arises under the laws of the United States.

2.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

Plaintiffs are residents of Montana.  Defendant AutoZoners, LLC ("AutoZoners")

is a Nevada company with its principal place of business in Tennessee.  Defendant

AutoZone Stores, Inc. is a Nevada corporation with its principal place of business

in Tennessee.  Defendant AutoZone Parts, Inc. ("AutoZone Parts") is a Nevada

corporation with its principal place of business in Tennessee.  Defendant

AutoZone, Inc. is a Nevada corporation with its principal place of business in

Tennessee.  Therefore, complete diversity of citizenship exists.  The amount in

controversy exceeds $75,000.00.

3.      AutoZoners and AutoZone Parts are registered to do business in

Montana and otherwise regularly do business in Montana.  AutoZone Stores, Inc.

and AutoZone, Inc. regularly do business in Montana through their subsidiaries

AutoZoners and AutoZone Parts.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants are

subject to personal jurisdiction in this judicial district and a substantial part of the

events or omissions on which the claims asserted herein are based occurred in this

judicial district.

## PARTIES

5.     Plaintiff, Randy Richter resides in Missoula, Montana.  Randy Richter has executed and hereby files with the Court his consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit A.

6.     Plaintiff, JeanetaMarie Anderson resides in Billings, Montana. JeanetaMarie Anderson has executed and hereby files with the Court her consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit B.

7.     Plaintiff, Nicole James resides in Billings. Montana.  Nichole James has executed and hereby files with the Court her consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit C.

8.     Plaintiff, Jamaal Joseph resides in Billings, Montana.  Jamaal Joseph has executed and hereby files with the Court his consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit D.

9.     Plaintiff, Brian Loveless resides in Polson, Montana.  Brian Loveless has executed and hereby files with the Court his consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit E.

10.     Plaintiff, Lori Webster-Bruno resides in Florence, Montana.  Lori Webster-Bruno has executed and hereby files with the Court his consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit F.

11.    AutoZoners is a Nevada company that at all material times conducted and continues to conduct business in Montana.

12.    AutoZone Stores, Inc. is a Nevada corporation that at all material times conducted and continues to conduct business in Montana.

13.    AutoZone Parts is a Nevada corporation that at all material times conducted and continues to conduct business in Montana.

14.    AutoZone, Inc. is a Nevada corporation that at all material times conducted and continues to conduct business in Montana.

**FACTS**

15.    AutoZone, Inc. owns and operates numerous retail stores—branded AutoZone—selling auto parts and accessories ("AutoZone").  AutoZone stores exist throughout Montana and adjacent states.

16.    AutoZone is the parent company of and owns AutoZoners, AutoZone Stores, Inc., and AutoZone Parts.

17.    AutoZone Parts has owned and continues to own AutoZone Stores, Inc.

18.    AutoZoners has been and continues to be wholly owned by AutoZone Stores, Inc.

19.    At all material times, AutoZoners employed and continues to employ workers who are leased to staff AutoZone stores throughout Montana and adjacent states.  Persons who regularly work in such AutoZone stores are employed by

4

AutoZoners and one or more of the other Defendants to the extent such entities control them.

20    Individual AutoZone stores are organized geographically, including into regions and districts.

21.    On information and belief, there is an AutoZone district that covers stores in eastern Montana, northern Wyoming, and northeastern South Dakota ("Eastern District").

22.    On information and belief, there is an AutoZone district that covers stores in western Montana and northern Idaho ("Western District").

23.    Plaintiff, Randy Richter has been an employee of AutoZoners and was designated as an AutoZone store manager from 2011 to 2019.  Richter was designated as manager of AutoZone stores in Homedale, Idaho and in Kalispell, Missoula, Hamilton and Great Falls, Montana.  The services performed by Richter and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

24.    Plaintiff, JeanetaMarie Anderson was an employee of AutoZoners and designated as an AutoZone store manager from 2015 to 2017.  Anderson was designated as manager of an AutoZone store in Cody, Wyoming.  The services performed by Anderson and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

25.    Plaintiff, Nicole James, has been an employee of AutoZoners and

designated as an AutoZone store manager since 2013. James is currently designated as manager of an AutoZone store in Billings, Montana. The services performed by James and others similarly situated were and continue to be a necessary and integral part of and essential to Defendants' business needs.

26.    Plaintiff, Jamaal Joseph, has been an employee of AutoZoners and designated as an AutoZone store manager since 2012. Joseph is currently designated as manager of an AutoZone store in Billings, Montana. The services performed by Joseph and others similarly situated were and continue to be a necessary and integral part of and essential to Defendants' business needs.

27.    Plaintiff, Brian Loveless was an employee of AutoZoners and designated as an AutoZone store manager from 2013 to 2018. Loveless was designated as manager of an AutoZone store in Polson, Montana. The services performed by Loveless and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

28.    Plaintiff, Lori Webster-Bruno, was an employee of AutoZoners and designated as an AutoZone store manager from 2005 to 2020. Webster-Bruno was designated as manager of an AutoZone stores in Albuquerque, New Mexico and in Missoula and Hamilton, Montana. The services performed by Webster-Bruno and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

29.    Plaintiffs, and other similarly situated employees designated as

6

AutoZone store managers, generally work or worked more than 40 hours per week and spend or spent the vast majority of their time performing non-managerial tasks.

30.   Plaintiffs, and other similarly situated employees designated as AutoZone store managers, had and continue to have, as their primary and most frequent duty, sales and customer service, including waiting on individual customers, answering individual customers' auto related questions, making individual sales, installing auto parts, and focusing first on the needs of in-store customers.

31.   Plaintiffs, and other similarly situated employees designated as AutoZone store managers, also devote or devoted substantial time to other non-managerial tasks including staffing the counter, cleaning the store, stocking the store, checking inventory, and more such tasks typically performed by hourly employees who work at AutoZone stores.

32.   Plaintiffs, and other similarly situated employees designated as AutoZone store managers, also devote or devoted only a negligible portion of their work day performing tasks related to management of the store.

33.   The Eastern and Western Districts have district managers.  For the individual AutoZone stores within their districts, these district managers: supervise day to day store operations; attract, recruit, hire, and train store personnel; assure fair and equal employment opportunities for store personnel; undertake performance reviews and performance counseling for store personnel; resolve

customer complaints; ensure dress code standards; direct store managers when to visit commercial accounts; develop store revenue and expense plans; and perform other managerial tasks for individual stores.

34.    Plaintiffs, and other similarly situated employees designated as AutoZone store managers, were paid a specified salary, and were not paid any overtime compensation even though they generally worked far more than the required 40 hours a week to entitle them to overtime pay in accordance with the FLSA.

35.    Plaintiffs and similarly situated current and former AutoZone store managers in the Eastern and Western Districts seek to recover unpaid overtime compensation and other benefits of employment to which they are entitled under the Federal Fair Labor Standards Act ("FLSA"), as they have been and/or continue to be improperly classified as exempt from overtime compensation, which has resulted in denial of compensation for their hours of work in excess of forty (40) hours per week.

36.    At all material times, Defendants have been enterprises engaged in commerce as defined by 29 USCA §203(s)(1) of the FLSA.

37.    At all material times, Defendants, or one or more of them, qualified as an "employer" of the Plaintiffs, and other similarly situated AutoZoners employees designated as AutoZone store managers, as defined by 29 U.S.C. § 203(d) of the FLSA.

38.    At all material times Plaintiffs, are and/or were an "employee" of Defendants, or one or more of them, as defined by 29 U.S.C. § 203(e)(l) of the FLSA, and worked within the territory governed by and the statutory time limits of the FLSA.

39.    Previously, Plaintiffs, along with other AutoZone store managers from across the United States, opted into a collective action, raising the same claims herein, styled *Hope M Carr, et al., vs AutoZoner, LLC; and AutoZone Stores, Inc.*, United States District Court for the Northern District of Alabama, Northeastern Division, Civil Action number 5:15-cv-00356-AKK ("*Carr*").

40.    On October 20, 2021, *Carr* was decertified as a collective action. Plaintiffs, or some of them, who previously filed their claims within the applicable statute of limitations were granted additional time to file the claims they raise herein.  All Plaintiffs have filed their claims herein within the tolling period granted by the decertification order in *Carr* or any other applicable statute of limitations.

41.    This action is brought pursuant to the FLSA, 29 U.S.C. § 201 et seq., and specifically the collective action provision of the FLSA for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants, or one or more of them, which have deprived the Plaintiffs, as well as other similarly situated AutoZoners employees designated as AutoZone store managers the Eastern and Western Districts, of their lawful wages.

42.     Plaintiffs, and similarly situated current and former AutoZone store managers, seek damages, additional liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C § 216(b).

43.     Services performed by Plaintiffs, and similarly situated current and former AutoZone store managers, were a necessary and integral part of and directly essential to Defendants' business strategy.

44.     Defendants, or one or more of them, have willfully failed and/or refused to pay Plaintiffs, and similarly situated current and former AutoZone store managers according to the overtime provisions of the FLSA.

45.     There are numerous other and similarly situated current and former AutoZone store managers in the Eastern and Western Districts, who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court supervised notice of the present lawsuit and the opportunity to join the present lawsuit (see attached Consent to Join forms). Those similarly situated employees are known to Defendants and would benefit from court supervised notice and opportunity to join this action.

## STATEMENT OF CLAIM

46.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully set forth herein.

47.     At all material times, Plaintiffs, and similarly situated current and former AutoZone store managers in the Eastern and Western Districts, have been

entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C.
§ 201, et seq., including overtime compensation at the rate required by 29 U.S.C. §
207 for the hours of their overtime work.

48.     At all material times, Defendants, or one or more of them, have failed
and refused to pay Plaintiffs, and similarly situated current and former AutoZone
store managers, overtime compensation at the rate required by the FLSA.

49.     The actions and omissions of Defendants, or one or more of them, as
alleged herein were knowing and willful and in bad faith and violate the overtime
provisions of the FLSA.

50.     As a result of the aforesaid willful violations of the FLSA, overtime
compensation has been unlawfully withheld and perpetually continues to be
withheld by Defendants, or one or more of them, from Plaintiffs and similarly
situated current and from AutoZone store managers in the Eastern and Western
Districts, for which Defendants, or one or more of them, are liable pursuant to 29
U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated
damages, interest, reasonable attorneys' fees and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and similarly situated current and former
AutoZone store managers, request from the Court the following relief:

A.     At the earliest possible time, they should be allowed to give notice or
that the Court issue such notice to all AutoZone store managers and former store

managers in the Eastern and Western Districts during the three years immediately preceding filing of this lawsuit informing them that this action has been filed and the nature of the action and of their right to opt-in to this lawsuit if they worked overtime but were not purportedly compensated correctly pursuant to the FLSA.

B.      The Plaintiffs and those individuals entitled to and who opt into this action be awarded damages, payable by the Defendants, or one or more of them, in the amount of their respective unpaid compensation and benefits plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b) and pre-judgment interest.

C.      The Plaintiffs and those individuals entitled to and who opt into this action, who continue to be employed by the Defendants, or one or more of them, be treated, from the date of final judgment forward, as nonexempt employees to be paid overtime wages and benefits in accordance with the FSLA.

D.      Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Dated this 2nd day of March, 2022.

/s/ Raph Graybill
Benjamin R. Graybill                          William A. Rossbach
Raph Graybill                                 ROSSBACH LAW, P.C.
GRAYBILL LAW FIRM, P.C.

12