IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| RANDY RICHTER, JEANETAMARIE ANDERSON, NICOLE JAMES, JAMAAL JOSEPH, BRIAN LOVELESS, LORI WEBSTER-BRUNO, et al., <br><br> Plaintiffs, <br> v. <br><br> AUTOZONERS, LLC, AUTOZONE STORES, INC., AUTOZONE PARTS, INC., and AUTOZONE, INC., <br><br> Defendants. | CV 22–47–M–DLC <br><br><br> ORDER |

Before the Court are Defendants AutoZoners, LLC, AutoZone Stores, Inc.,

AutoZone Parts, Inc., and AutoZone, Inc's (collectively, "AutoZone") Motion to

Decertify Collective Class (Doc. 67), AutoZone's Motion for Summary Judgment

as to Opt-in Plaintiffs Whose Claims are Barred by the Three-Year Statute of

Limitations (Doc. 80), AutoZone's Motion for Summary Judgment as to Out-of-

State Opt-in Plaintiffs (Doc. 86), and Plaintiffs' Motion for Equitable Tolling

(Doc. 84). On January 20, 2026, the Court held a hearing on the Motions. (Doc.

143). For the reasons herein, AutoZone's Motion to Decertify Collective Class

(Doc. 67) and Plaintiffs' Motion for Equitable Tolling (Doc. 84) are DENIED.

AutoZone's Motion for Summary Judgment as to Opt-in Plaintiffs whose Claims

1

are Barred by the Three-Year Statute of Limitations (Doc. 80) and AutoZone's

Motion for Summary Judgment as to Out-of-State Opt-in Plaintiffs (Doc. 86) are

GRANTED.

**FACTUAL BACKGROUND**[1]

### I.    AutoZone

AutoZone specializes in the retail and distribution of auto parts and

accessories throughout the United States. AutoZone stores are organized

geographically into divisions and regions. Each region is further divided into

districts, each district including approximately 15 stores. Each region has a

regional manager, and each district has a district manager.

AutoZone stores in Montana fall within three AutoZone regions: the Denver

Region, Salt Lake Region, and Seattle Region. Collectively, these three regions

include stores in eight states. AutoZone stores in Montana fall within six districts,

each overseen by a different district manager.

AutoZone's stores can be divided into three categories: retail stores,

commercial stores, and hub stores. Each store has a Store Manager. Retail stores

also employ hourly lead positions such as Part Sales Managers, referred to as

"Gray Shirts," as well as hourly sales employees referred to as "Red Shirts."

Commercial stores also employ hourly managers such as Commercial Sales

---

[1] This section consists of facts which the Court deems substantively undisputed.

Managers. Hub Stores provide retail and commercial services and employ hourly employees like Hub Coordinators and Hub Specialists.

## II.     The Collective

Plaintiffs are current and former AutoZone employees, all of whom held roles as Store Managers between the years 2019 and 2022 and worked under district managers who oversaw operations in Montana. (Docs. 47 at 17; 33-1.) Due to AutoZone's demographic structure, the collective currently includes Plaintiffs that work in AutoZone stores outside of Montana.

Plaintiffs allege that AutoZone willfully misclassified them as overtime-exempt, denying them overtime compensation for hours of work in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA").

### PROCEDURAL BACKGROUND

Named Plaintiffs Randy Richter, Jeanetamarie Anderson, Nicole James, Jamaal Joseph, Brian Loveless, and Lori Webster-Bruno were previously opt-in plaintiffs in *Carr, et al. v. AutoZoners, LLC, et al.*, No. 5:15-cv-00356-IPJ (N.D. Ala. 2015), where they alleged the same claims asserted in this lawsuit. (Doc. 1 ¶ 39.) Employing the controlling law of the Eleventh Circuit, the United States District Court for the Northern District of Alabama concluded that decertification of the *Carr* collective was appropriate, finding that plaintiffs were not similarly situated as to "their daily responsibilities, discretion over managerial tasks,

authority for hiring, and the weight district managers gave the plaintiffs' recommendations on hiring, pay rates, and promotions." *Carr*, No. 5:15-cv-00356-IPJ, Dkt. No. 566 at 33. However, because some of the opt-in plaintiffs' claims became time barred during the pendency of litigation, including claims brought by the Named Plaintiffs in this action, the court "invoke[d] its equity power to toll the applicable statutes of limitations" for the claims of those specific plaintiffs for 90 days. *Carr*, No. 5:15-cv-00356-IPJ, Dkt. No. 567 at 1.

Prior to the deadline imposed by the *Carr* Court, on March 2, 2022, Named Plaintiffs filed their Complaint and Demand for Jury Trial in this Court. (Doc. 1.) On March 22, 2023, Named Plaintiffs filed their Motion to Issue Notice to Similarly Situated Employees and proposed a collective of AutoZone Store Managers who work or have worked as a Store Manager at AutoZone store locations in Montana, Wyoming, South Dakota, and Idaho. (Docs. 32, 33-1.) On November 7, 2023, The Court conditionally certified the case as a FLSA collective action and adopted Plaintiffs' proposed multi-state collective. (Doc. 47.)

On December 14, 2023, Plaintiffs e-mailed and mailed Court-approved notice to putative members of the proposed collective. (Doc. 50.) Twenty-nine Store Managers joined as Opt-in Plaintiffs, Twenty-six of which remain. (Docs. 54-1, 61.) The Parties conducted discovery, and the present motions followed.

4

**DISCUSSION**

"The FLSA requires covered workers to be paid at least 1.5 times their normal rate for all work in excess of forty hours weekly, 29 U.S.C. § 207(a)(1), provided the employer has actual or constructive knowledge that the work is occurring." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1102 (9th Cir. 2018) (citing 29 C.F.R. § 785.11; *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)). "Employers who violate this requirement are liable for damages in the amount of the unpaid overtime, 'an additional equal amount as liquidated damages,' and 'reasonable attorney's fee . . . and costs.'" *Id.* (quoting 29 U.S.C. § 216(b)).

The "FLSA permits employees to bring lawsuits on behalf of 'themselves and other employees similarly situated.'" *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 947 (9th Cir. 2019) (quoting 29 U.S.C. § 216(b)). Under the Ninth Circuit's standard, "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claim." *Campbell*, 903 F.3d at 1117. "[B]ecause the FLSA is a remedial statute, it must be interpreted broadly." *Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) (en banc). "[A]s long as the proposed collective's 'factual or legal similarities are material to the resolution of their case,

5

dissimilarities in other respects should not defeat collective treatment.'" *Senne*, 934 F.3d at 947 (quoting *Campbell*, 903 F.3d at 1114).

Courts "evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the 'similarly situated' requirement—by way of a two-step 'certification' process." *Campbell*, 903 F.3d at 1110 (citations omitted). "First, at or around the pleading stage, plaintiffs will typically move for preliminary certification." *Id.* at 1109. "Assuming the collective action has survived its earlier scrutiny," "the employer can move for 'decertification' at or after the close of relevant discovery." *Id.*

### I.   AutoZone's Motion to Decertify Collective Class (Doc. 67)

AutoZone moves the Court for an Order decertifying the conditionally certified collective class and dismissing the Opt-in Plaintiffs. (Doc. 67.) In support of its motion, AutoZone argues that at this stage in the litigation, it is Plaintiffs' burden to establish that the collective is similarly situated such that collective treatment is warranted.[2] (Doc. 68 at 17.) AutoZone contends that here, like in *Carr*, Plaintiffs' conflicting testimony as to Plaintiffs' job duties and responsibilities

---

[2] AutoZone's opening brief details similar FLSA actions previously brought against AutoZone. Importantly, none of these cases were litigated in the Ninth Circuit and are therefore unhelpful in addressing the task at hand: analyzing an FLSA action under the Ninth Circuit's controlling precedent in *Campbell*.

6

requires decertification. (*Id.* at 18.) As a threshold matter, AutoZone's description of the standard of review is incorrect.

When a Defendant moves for decertification of a collective class, a district court takes "a more exacting look at the plaintiffs' allegations and the record," to determine if plaintiffs have satisfied the "'similarly situated' requirement in light of the evidence produced to that point." *Campbell*, 903 F.3d at 1109. A motion for decertification "resembles a motion for summary judgment," and "the standard on a post-discovery decertification motion is effectively the summary judgment standard." *Id.* at 1117, 1119.

> It follows that, to the extent decertification overlaps with the merits, a district court cannot weigh the evidence, as ordinary summary judgment practice precludes doing so. The collective mechanism is meant to ensure that party plaintiffs have the option of benefitting from the efficiencies of collective litigation—including, in cases presenting genuine disputes of material fact, collective access to trial. That principle is not consistent with allowing district courts to break apart the collective based on their own resolution of merits questions otherwise reserved to the trier of fact.

*Id.* at 1119.

In analyzing motions for decertification, "district courts have gradually tended to coalesce around a standard they refer to as 'substantial evidence.'" *Id.* at 1118. The Ninth Circuit has described "substantial evidence" as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.*

7

(quotation and citation omitted). In other words, at the motion for decertification stage, the district court must ask "whether sufficient evidence exists to preclude a judgment as a matter of law because, viewing the competent evidence in the light most favorable to the nonmoving party, the trier of fact could properly find for the nonmoving party." *Id.*

Here, the Court finds substantial evidence that Plaintiffs are similarly situated such that decertification is precluded. Plaintiffs were subject to the same policies, regardless of whether a Plaintiff worked at a retail, commercial, or hub store, and regardless of the district in which they worked. (*See, e.g.*, Docs. 74-23 at 11; 74-1 at 12:20–23; 13:4−15:20; 26:15–25; 89:20–24.) The same job description applied to every Plaintiff. (*See, e.g.*, Doc. 74-13.)

AutoZone dedicates extensive briefing to perceived differences amongst Plaintiffs, but the Ninth Circuit's rejection of the "ad hoc test" is clear: a "focus on differences rather than similarities among [] party plaintiffs, improperly [leads to] an approach that treats differences as disqualifying, rather than one that treats the requisite kind of similarity as the basis for allowing partially distinct cases to proceed together." *Campbell*, 903 F.3d at 1117. In the Ninth Circuit, "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.*

8

Narrowing in on Plaintiffs' specific FLSA claims regarding exemption from overtime pay, an employee qualifies as exempt if: (1) the employee is compensated at a minimum weekly salary basis set by federal code; (2) the employee's primary duty is management; (3) the employee customarily and regularly directs the work of at least two other employees; and (4) either the employee has the authority to hire or fire other employees or the employee's suggestions and recommendations as to hiring, firing, advancement, and promotion "are given particular weight." C.F.R § 541.100(a). The Parties do not dispute that Plaintiffs meet the first and third requirements of exemption, thus, the Court focuses its analysis on evidence in the record relating to Plaintiffs' primary duty and Plaintiffs' involvement with the hiring and firing other employees.

## A. Primary Duty

Management includes:

> Activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.02. Management is an employee's "primary duty" if management is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).

> Factors to consider when determining the primary duty of an employee include, but are not limited to[:] the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id.*

Here, Plaintiffs testified, and expert Ramona Powell concluded that sales and customer service, rather than management, was Plaintiffs' primary duty. (Docs. 68-2 at 198:13–199:5; 68-7 at 243:3–244:11; 74-2 at 13–14.) Regarding "freedom from direct supervision," Powell's report explains that "Store Managers are directed on almost every aspect of what they do." (Doc. 74-23 at 11.)  As to the relationship of Plaintiffs' duties in relation to those of other employees, Plaintiffs engaged in the same overlapping, non-exempt duties indistinguishable from hourly "managers" or "Gray shirts." (Docs. 74-23 at 10–11; 68-1 at 133:9–10; 68-7 at 3–14; 68-2 at 200:17–20; 68-10 at 273:21–277:14.) According to Plaintiffs' testimony, insofar as Plaintiffs had management-adjacent duties, non-exempt managers routinely performed those same tasks when Plaintiffs were absent or not on site. (Docs. 74-23 at

11; 68-1 at133:9–10; 68-7 at 3–14; 68-2 at 95:12–16; 68:10 at 125:22–126:10, 273:21–275:10.) Plaintiffs further testified that they spent the vast majority of their time on menial tasks or engaged in sales, rather than performing exempt duties. (Docs. 74-23 at 13; 68-6 at 241:3–17; 68:10 at 159:24–160:17, 249:8– 18.) A thorough review of the record bears substantial evidence that would allow a fact finder to conclude that Plaintiffs are similarly situated as to their primary duty.

## B. Authority to Hire or Fire

The record likewise contains substantial evidence that either Plaintiffs lack authority to hire and fire, or that their recommendations on such decisions are not given particular weight. Indeed, evidence in the record suggests that district managers, rather than store managers, must approve all new hires as well as employee discipline. (Docs. 74-15 at 2; 74-17 at 6.) While Plaintiffs conduct performance reviews, AutoZone policy requires that a district manager or regional human resource manager approve the reviews. (Doc. 74-16.) AutoZone's corrective action review process, which governs employee discipline, likewise requires district manager approval. (Docs. 74-1 at 168:3–178:15; 74-6 at 90:3– 98:1; 74-17.) This evidence, like the evidence illustrating Plaintiffs' primary duty as Store Managers, supports collective treatment of Plaintiffs' FLSA claims.

In sum, based on the substantial evidence in the record, a trier of fact could properly conclude that Plaintiffs are similarly situated in that they share common questions of law and fact central to their FLSA claims. A trier of fact could properly conclude that: (1) Plaintiffs were subject to the same job descriptions, top down management structure, policies, trainings, and procedures; (2) Plaintiffs' primary duty was not management, but rather sales and other menial tasks; and (3) Plaintiffs either lacked authority to hire or fire, or district managers did not afford Plaintiffs' opinion significant weight in deciding whether to hire or fire employees. Further, this is not a case in which "conditions make the collective mechanism truly infeasible." *Campbell*, 903 F.3d at 1117. As such, Plaintiffs are entitled to proceed to trial as a collective and AutoZone's Motion to Decertify Collective Class must be DENIED.

## II.    Motions on Statute of Limitations (Docs. 84 and 86)

AutoZone seeks summary judgment as to the Opt-in Plaintiffs whose claims are barred by the three-year statute of limitations (referred to herein as "Untimely Opt-in Plaintiffs"). (Doc. 84.)

Under the FLSA, a plaintiff must file a lawsuit or consent to join a lawsuit for unpaid overtime compensation within two years of the alleged violation. 29 U.S.C. § 255(a). In the case of an alleged willful violation, a plaintiff must file a lawsuit or consent to join a lawsuit within three years of the alleged violation. *Id.*

Here, AutoZone asserts the following facts in support of its motion for summary judgment as to Untimely Plaintiffs:

1.    Ron Hansen last worked as an AutoZone Store Manager on January 31, 2021;

2.    Mandy Jewett last worked as an AutoZone Store Manager on February 14, 2021;

3.    Anthony Preator last worked as an AutoZone Store Manager on June 7, 2020;

4.    Samantha Rausch last worked as an AutoZone Store Manager on October 20, 2019;

5.    Shaun Phares last worked as an AutoZone Store Manager on January 12, 2021; and

6.    Viktoria Doerr last worked as an AutoZone Store Manager on November 11, 2020.

(Doc. 81 at 3–4.) AutoZone further highlights that these Store Managers filed their opt-in consents on March 11, 2024. *Id.* at 3. Thus, according to AutoZone, those Plaintiffs' claims are barred under the FLSA's statute of limitations.[3]

In response, Plaintiffs do not dispute that Untimely Plaintiffs' claims are barred by statute. Instead, Plaintiffs ask the Court to equitably toll the statute of limitations to March 2, 2022—the date the Complaint in this matter was filed. (Doc. 84.) Plaintiffs contend that tolling is appropriate because AutoZone has been

---

[3] AutoZone's position is that the two-year statute of limitations is applicable because Plaintiffs cannot establish a willful violation of the FLSA. (Doc. 82 at 2 n. 1.)

13

on notice of its potential liability since 2010, and therefore, "it cannot claim surprise of prejudice if the clock is paused while the successor case progressed from filing to conditional certification." (Doc. 83 at 2.)

"[E]quitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors independent of the plaintiffs." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). Therefore, in weighing requests for equitable tolling, courts "must ask whether it would be unfair or unjust to allow the statute of limitations to act as a bar" to a plaintiff's claims. *Id.* As explained by Plaintiffs here, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time, such as its excusable ignorance of the statute of limitations." (Doc. 89 at 3 (quoting *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007)).)

Here, Plaintiffs do not allege that Untimely Plaintiffs were prevented from asserting their claims due to wrongful conduct on the part of AutoZone. Rather, Plaintiffs contend that the compressed timeframe—specifically, the 90 days between the dismissal of Carr and the deadline to file a Complaint in this Court—combined with delays from routine litigation activity in this case, make tolling appropriate. The Court disagrees.

First, the *Carr* court's 90-day tolling period is irrelevant as to Untimely Plaintiffs, as Untimely Plaintiffs were not opt-in plaintiffs in *Carr*. Second, "routine litigation activity" does not amount to extraordinary circumstances beyond Plaintiffs' control; routine litigation activity is—at risk of stating the obvious—routine.

Plaintiffs cite several instances in which district courts in this Circuit have tolled the statute of limitations in FLSA cases. However, these cases offer little persuasive value, as they involved unique circumstances not present here. Importantly, Plaintiffs cannot point to a case in which a court employed the extreme equitable remedy of tolling the statute of limitations back to the filing of a complaint.

For example, in *Atkins v. VCE Theaters, LLC*, 2024 WL 4785336, at *6 (D. Or. Nov. 14, 2024), the court tolled the statute of limitations from the time the named plaintiff filed a motion for preliminary certification to the time notice was issued, in part due to delay in the administrator's issuance of notice.

In *Chastain v. Cam*, 2014 WL 3734368, at *11–12 (D. Or. July 28, 2014), the parties found themselves in a pre-certification discovery dispute, leading to plaintiffs filing a motion to compel before the court had the opportunity to rule on the motion for preliminary certification. The court equitably tolled the statute of limitations for putative opt-in collective action plaintiffs for a period of three-and-

15

a-half months, beginning the date the discovery dispute arose and ending the date the court ruled on the motion to compel. *Id.*

In *Hollis v. R & R Rests., Inc.*, 2022 WL 1656722, at *2 (D. Or. May 2, 2022), findings and recommendation adopted, 2022 WL 1645657 (D. Or. May 24, 2022), and *Gongora v. SB Northwest Investments, LLC*, 2025 WL 1225402, at **4–5 (D. Or. Mar, 31 2025), the court found equitable tolling appropriate due to its own delayed resolution of the motion for conditional certification. The court in *Dualan v. Jacob Transportation Servs. LLC*, 172 F. Supp. 3d 1138, 1154 (D. Nev. 2016) equitably tolled the statute of limitations for opt-in plaintiffs for the same reason. Here, however, even tolling the statute of limitations to account for the Court's eight-month delay in resolving Plaintiffs' motion would not save the claims at issue.[4]

Courts may equitably toll the statute of limitations in a FLSA action when doing so is in the interest of justice. *Winningham v. Rafeal's Gourmet Diner, LLC*, 2022 WL 18359485, at *2 (D. Or. Dec. 19, 2022). Justice does not so require here.

Accordingly, AutoZone's motion for summary judgment as to Untimely Opt-in Plaintiffs will be GRANTED and Plaintiffs' motion for tolling of the statute of limitations will be DENIED. The FLSA claims asserted against AutoZone by

---

[4] This is true even if the Court were to ignore the extensions it granted the Parties in completing the briefing of the motion.

Plaintiffs Ron Hansen, Mandy Jewett, Anthony Preator, Samantha Rausch, Shaun Phares, and Viktoria Doerr are DISMISSED WITH PREJUDICE.

### III.   AutoZone's Motion for Summary Judgment as to Out-of-State Opt-in Plaintiffs (Doc. 86)

AutoZone moves the Court to enter summary judgment in favor of AutoZone as to Out-of-State Opt-in Plaintiffs Todd Dover, Bradley Fairchild, Zakk Gill, Jay Grigsby, Mandy Jewett, Emilio Lujano, Zachary Newcomb, Anthony Preator, Derek Sheff, and Troy Westfall. AutoZone contends that under the Ninth Circuit's recent opinion in *Harrington et al. v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 687 (9th Cir. 2025), this Court lacks personal jurisdiction over Out-of-State Opt-in Plaintiffs. (Doc. 88 at 5.)

The bounds of this Court's personal jurisdiction are governed by Montana law and the Constitution. *Axiom Foods, Inc. v. Acerchem Int'l., Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). The relevant state law provision is Montana's long-arm statute—Montana Rule of Civil Procedure 4(b). *King v. American Family Mut. Ins. Co.*, 632 F.3d 570, 578 (9th Cir. 2011). The relevant constitutional provision is the Fourteenth Amendment's Due Process Clause. *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358, (2021).

When assessing its personal jurisdiction, this Court asks whether: (1) Montana's long-arm statute permits the exercise of personal jurisdiction; and (2) if so, whether due process is nonetheless offended. *Pebble Beach Co. v. Caddy*, 453

F.3d 1151, 1154-55 (9th Cir. 2006). Montana's long-arm statute permits the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process," so "the jurisdictional analyses under [Montana] law and federal due process are the same." *King*, 632 F.3d at 578–79.

The Court's analysis hinges on whether AutoZone has a sufficient relationship to Montana, such that "the maintenance of the suit . . . does not offend traditional notions of fair play and substantial justice." *Ford Motor Co.*, 592 U.S. at 372 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "That focus" has led to the recognition of "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.* Specific jurisdiction is at issue here.

Generally, the exercise of specific personal jurisdiction turns on whether the defendant has had some contact with the forum state *and* the lawsuit at issue stems from that contact. *Ford Motor Co.*, 592 U.S. at 359. This Court previously determined that it maintained specific personal jurisdiction over Plaintiffs' claims against AutoZone, explaining that "because 'the original plaintiff in a collective action under the FLSA dictates a district court's analysis of specific jurisdiction,' this jurisdiction extends to potential out-of-state opt-in plaintiffs within the proposed collective." (Doc. 47 at 14 (quoting *Seiffert v. Qwest Corp.*, 2018 WL 6590836, at *4 (D. Mont. Dec. 14, 2018)).) But that was before *Harrington*.

In *Harrington*, current and former employees of Cracker Barrel filed a collective action in the United States District Court for the District of Arizona against Cracker Barrel alleging a violation of the FLSA in connection with wages for tipped workers. 142 F.4th at 681. The collective of plaintiffs included employees in Arizona as well as out-of-state employees. *Id.* The district court granted plaintiffs' motion to issue nationwide notice to similarly situated employees, reasoning that the inclusion of one Arizona-based plaintiff was sufficient to establish personal jurisdiction over Cracker Barrel for the collective action. *Id.* at 682.

Cracker Barrel appealed, allowing the Ninth Circuit to consider whether the United States Supreme Court's holding in *Bristol-Myers Squibb Company v. Superior Court of California*, 582 U.S. 255 (2017) applies in FLSA actions "such that nationwide notice [was] inappropriate." *Id.* at 681. The Ninth Circuit determined that *Bristol-Myers Squibb* does apply to FLSA collective actions:

> [W]e join the majority of our sister circuits reaching the issue and hold that Bristol-Myers applies in FLSA collective actions in federal court. Consequently, where the basis for personal jurisdiction in the collective action is specific personal jurisdiction, the district court must assess whether each opt-in plaintiff's claim bears a sufficient connection to the defendant's activities in the forum state. Because the district court authorized nationwide notice on the mistaken assumption that it would not need to assess specific personal jurisdiction on a claim-by-claim basis, we vacate and remand for further proceedings consistent with this opinion.

19

*Id.* at 682.

Plaintiffs endeavor to differentiate *Harrington* from the matter at bar, insisting that this Court may assert personal jurisdiction over Out-of-State Opt-in Plaintiffs. (Doc. 91 at 2.) Plaintiffs contend that because they have defined their collective by the area controlled by District Managers, rather than the location of a given Plaintiff's home store, the Court's jurisdiction over District Managers who oversaw stores in Montana extends to the employees they supervise, including Out-of-State Opt-in Plaintiffs. (*Id.*) While Plaintiffs attempt at distinguishing *Harrington* is creative, it is nonetheless unsuccessful. The Ninth Circuit was clear: in FLSA collective actions, "personal jurisdiction [must] be analyzed on an individual basis rather than at the level of the suit." *Harrington*, 142 F.4th at 686. Plaintiffs do not suggest that such individual analyses would result in a finding of personal jurisdiction as to each Out-of-State Opt-in Plaintiff. As such, the Court finds Out-of-State Opt-in Plaintiffs' claims must be DISMISSED WITHOUT PREJUDICE. *Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. 2011) ("[D]ismissal[] . . . for lack of personal jurisdiction must be without prejudice").

### CONCLUSION

The record contains substantial evidence that Plaintiffs share similar issues of law or fact material to the disposition of their FLSA claims; therefore, Plaintiffs

are entitled to proceed as a collective. However, because certain Opt-in Plaintiffs' claims are time-barred, and the Court lacks personal jurisdiction over Out-of-State Opt-in Plaintiffs, several Plaintiffs must be dismissed from this action, as outlined in detail below.

Accordingly, IT IS ORDERED that:

1. AutoZone's Motion to Decertify Collective Class (Doc. 67) is DENIED.

2. AutoZone's Motion for Summary Judgment as to Opt-in Plaintiffs whose Claims are Barred by the Three-Year Statute of Limitations (Doc. 80) is GRANTED. The FLSA claims of Opt-in Plaintiffs Ron Hansen, Mandy Jewett, Anthony Preator, Samantha Rausch, Shaun Phares, and Viktoria Doerr are DISMISSED WITH PREJUDICE.

3. Plaintiffs' Motion for Equitable Tolling (Doc. 84) is DENIED.

4. AutoZone's Motion for Summary Judgment as to Out-of-State Opt-in Plaintiffs (Doc. 86) is GRANTED. The FLSA claims alleged against AutoZone by Out-of-State Opt-in Plaintiffs Todd Dover, Bradley Fairchild, Zakk Gill, Jay Grigsby, Emilio Lujano, Zachary Newcomb, Derek Sheff, and Troy Westfall are DISMISSED WITHOUT PREJUDICE.

DATED this 9th day of March, 2026.

21

_____
Dana L. Christensen, District Judge
United States District Court