IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY RICHTER, JEANETAMARIE ANDERSON, NICOLE JAMES, JAMAAL JOSEPH, BRIAN LOVELESS, LORI WEBSTER-BRUNO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AUTOZONERS, LLC, AUTOZONE STORES, INC., AUTOZONE PARTS, INC., and AUTOZONE, INC., <br><br> Defendants. | CV 22–47–M–DLC <br><br><br> ORDER |

Before the Court are Plaintiffs' Motion for Tolling (Doc. 139) and Defendants' Motion to Certify for Interlocutory Appeal (Doc. 143). For the reasons herein, the Motions are DENIED.

## I.    Motion for Tolling

Plaintiffs ask the Court to toll the statute of limitations for 90 days for Out-of-State Opt-in Plaintiffs Todd Dover, Bradley Fairchild, Zakk Gill, Jay Grigsby, Emilio Lujano, Zachary Newcomb, Derek Sheff, and Troy Westfall. (Docs. 140 at 2, 141 at 2.) However, the Court previously determined that under *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), it lacked personal jurisdiction over these Plaintiffs' claims. (Doc. 137 at 20.) Plaintiffs do

1

not cite—and the Court is unaware of—any authority which would allow the Court to toll the statute of limitations on Plaintiffs' claims. As such, Plaintiffs' Motion must be DENIED.

## II.    Motion to Certify for Interlocutory Appeal

AutoZone asks the Court to certify its March 9, 2026 Order for interlocutory appeal. (Doc. 143.)

28 U.S.C. §1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals. The "certification requirements are: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.*

As to the first requirement, the Court finds that AutoZone fails to present a controlling question of law. AutoZone requests the Court certify the following question for interlocutory appeal:

> Whether employees who bring a collective action under 29 U.S.C. § 216(b) are "similarly situated" under *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) when liability turns on individualized determinations of each employee's actual primary duty for purposes of

2

the executive exemption and no common proof exists that has the potential to resolve the dispositive issues for all.

(Doc. 144 at 6–7.) Despite AutoZone's effort to characterize this question as purely legal in nature, the Court views AutoZone's proposed question as an attempt to relitigate the merits of the Court's Order on decertification. AutoZone argues: "[w]hether an employee's 'primary duty' is management is an inherently fact intensive determination. The regulations require courts to evaluate the relative importance and time spent on managerial duties; the employee's discretion and independent judgment; and the employee's relationship to other employees and supervisors." (Doc. 144 at 11.) The Court conducted this fact intensive determination already and will not repeat that analysis at AutoZone's behest.

As to the second requirement, AutoZone contends that the Ninth Circuit's holding in *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) was unclear, such that there is substantial ground of difference of opinion. (Doc. 144 at 13.) AutoZone highlights the undersigned's statement at the January 20, 2026 oral argument, characterizing the Court's language as an "acknowledgment at oral argument [that the Court] struggled to determine the appropriate standard and how to apply it to AutoZone's decertification motion." (*Id.* at 3 (referencing Doc. 134 at 39).)

To the extent the Court struggled to understand the appropriate legal standard, that struggle was due to AutoZone's use of an out-of-circuit standard in briefing. Indeed, AutoZone continues to rely on *Carr, et al. v. AutoZoners, LLC, et al.*, No. 5:15-cv-00356-IPJ (N.D. Ala. 2015) despite the Court's repeated reminders that we are in the Ninth Circuit and therefore *Carr*'s analysis is inapplicable. (*See, e.g.*, Doc. 134 at 15 ("the difference is you're in the Ninth Circuit, and we've got to deal with the *Campbell* decision").)

The Ninth Circuit made the Fair Labor Standards Act ("FLSA") standard of review clear in *Campbell*: A motion for decertification "resembles a motion for summary judgment," and the standard on a post-discovery decertification motion is effectively the summary judgment standard." 903 F.3d at 1117, 119. At the motion for decertification stage, the district court must ask "whether sufficient evidence exists to preclude a judgment as a matter of law, because viewing the competent evidenced in the light most favorable to the nonmoving party, the trier of fact could properly find for the nonmoving party." *Id.* at 1118.

AutoZone argues that "[t]he Court did not use the analysis some other districts have applied to similar post-*Campbell* decertification cases." (Doc. 144 at 6.) AutoZone cites to a string of district court cases in which, according to AutoZone, district courts analyzed decertification through a different lens. (*Id.* at 6 n.2.) The Court notes that AutoZone failed to cite any of these cases in the briefing

on its Motion for Decertification, focusing its attention instead on out-of-circuit caselaw. Nevertheless, the Court has considered these cases and finds them unpersuasive to the matter at hand.

For example, in *Salgado v. Flowers Foods Inc.*, 2025 WL 653483, at *2 (D. Ariz. Feb. 28, 2025), the United States District Court for the District of Arizona quoted a pre-*Campbell* decision describing the two-step certification process in a collective action. *Sanft v. Sims Group USA Corp.*, 2021 WL 9817596, at *2 (N.D. Ca. Jan. 19, 2021) and *Alvarez v. City of Oxnard*, 2020 WL 8464421, at *2 (C.D. Ca. Dec. 17, 2020) likewise cite to pre-*Campbell* district court orders. Notably, all three of these orders consider and dispose of motions for preliminary certification. They do not, as AutoZone insinuates, analyze decertification motions. Finally, in *Gaffney v. City of Santa Clara*, 2020 WL 12182761, at *4 (N.D. Ca. Apr. 13, 2020) the district court cited a pre-*Campbell* order in its denial of a motion to approve an FLSA settlement. Suffice it to say, AutoZone fails to convince this Court that there are substantial grounds for difference of opinion warranting interlocutory appeal.

The third requirement of 28 U.S.C. §1292(b) is likewise not met. The Court believes that certifying AutoZone's proposed question for interlocutory appeal would stifle, rather than materially advance, the termination of this case.

Because the certification requirements are not met, AutoZone's Motion must be DENIED.

## CONCLUSION

The Court lacks personal jurisdiction over the claims of previously dismissed Out-of-State Opt-in Plaintiffs; therefore, the Court cannot toll the statute of limitations on those claims.

AutoZone fails to present a controlling question of law suitable for interlocutory appeal. The Court rejects AutoZone's invitation to relitigate the merits of the Court's previous decision regarding AutoZone's Motion for Decertification.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Tolling (Doc. 139) and Defendants' Motion to Certify for Interlocutory Appeal (Doc. 143) are DENIED.

DATED this 9th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court

6