IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY RICHTER, JEANETAMARIE ANDERSON, NICOLE JAMES, JAMAAL JOSEPH, BRIAN LOVELESS, LORI WEBSTER-BRUNO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AUTOZONERS, LLC, AUTOZONE STORES, INC., AUTOZONE PARTS, INC., and AUTOZONE, INC., <br><br> Defendants. | CV 22–47–M–DLC <br><br><br> ORDER |

Before the Court are Defendants' motion to exclude Plaintiffs' expert Dr. Liesl Fox (Doc. 99), Defendants' motion to exclude Plaintiffs' expert Ramona Powell (Doc. 103), Defendants' motions in limine (Doc. 105), and Plaintiffs' omnibus motion in limine (Doc. 114).

## BACKGROUND[1]

The Court and the Parties are well-versed in the factual and procedural background of this Fair Labor Standards Act ("FLSA") lawsuit. The matter is set for a jury trial on August 10, 2026.

---

[1] For a detailed factual and procedural background, see the Court's March 9, 2026 Order (Doc. 137).

## LEGAL STANDARD

A motion in limine is a "procedural mechanism" through which questions regarding the admissibility of "testimony or evidence in a particular area" may be resolved before trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such in limine rulings are preliminary, and the Court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, (2000). "Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Speaks v. Mazda Motor Corp.*, 118 F. Supp. 3d 1212, 1217 (D. Mont. 2015) (internal quotation marks and citation omitted).

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides that a qualified witness may offer an expert opinion only if:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

"There 'is no mechanical checklist for measuring whether an expert is qualified to offer opinion evidence in a particular field;'" instead, "the court must

determine whether the witness is qualified as an expert by knowledge, skill, experience, training, or education, and whether the opinion will help the trier of fact." *Trujillo v. Cnty. of Los Angeles*, 751 F. App'x 968, 972 (9th Cir. 2018) (quoting *Santos v. Posadas De P.R. Assocs., Inc.*, 452 F.3d 59, 63 (1st Cir. 2006)).

**DISCUSSION**

**A. Defendants' motion to exclude expert Dr. Liesl Fox (Doc. 99):**
   <u>**RESERVED**</u>

Defendants seek to exclude Plaintiffs' expert, Dr. Liesl Fox, from serving as an expert witness in this case. (Doc. 99.) It appears Dr. Fox relied on data provided by Plaintiffs' counsel to determine the average hours worked by each Plaintiff. (*See* Docs. 100-1 at 3; 100-3 at 69:11–72:20.) According to Defendants, this data conflicts with the testimony of the individual Plaintiffs, rendering Dr. Fox's opinions unreliable.

Relying on *Loy v. Rehab Synergies, LLC*, 558 F. Supp. 3d 402, 411–15 (S.D. Tex. 2021), and pursuant to Federal Rules of Evidence 702 and 403, the Court is inclined to grant Defendants' motion to exclude expert Dr. Liesl Fox. As explained in *Clark v. Cap. Vision Servs., LLC*, 2024 WL 3458525, at \*19 (D. Mass. July 18, 2024), the calculations of the remaining Plaintiffs' average hours worked "constitute basic math that a jury can compute without the opinion of an expert." Further, Plaintiffs' counsel can prepare summary exhibits pursuant to Federal Rule

3

of Evidence 1006. Notwithstanding the foregoing, the Court reserves ruling on the motion at this time.

### B. Defendants' motion to exclude expert Ramona Powell (Doc. 103): <u>RESERVED</u>

Next, Defendants request that the Court exclude Ramona Powell pursuant to Rule 702 "because her report is unreliable, her testimony improperly invades the province of the jury by making legal conclusions, and allowing her testimony under such circumstances would confuse the jury and be unfairly prejudicial to AutoZone." (Doc. 104 at 9.) The Court reserves ruling on the motion at this time.

However, to the extent Ms. Powell offers opinions on the ultimate issue in this case—whether Defendants properly classified Plaintiffs as exempt from FLSA's overtime requirements—such opinions will be excluded. These opinions invade the province of the Court and/or the jury.

### C. Defendants' general motions in limine (Doc. 105): <u>GRANTED IN PART</u>; <u>DENIED IN PART</u>; and <u>RESERVED IN PART</u>

Defendants request that the Court exclude several categories of evidence; the Court's rulings on these requests are as follows:

I. Motion in limine to exclude testimony or evidence regarding prior lawsuits or settlements in which there was no ruling on the merits

<u>**GRANTED IN PART and DENIED IN PART**</u>. The Court will prohibit the introduction of evidence or argument related to <u>any</u> prior AutoZone FLSA case

for <u>any</u> purpose, whether the case settled, was dismissed, or was resolved on the merits.

II.     Motion in limine to exclude testimony or evidence regarding the Court's prior opinions or rulings:

**<u>GRANTED</u>.** Pursuant to Plaintiffs' lack of objection (Doc. 124 at 11), this motion is granted.

III.     Motion in limine to preclude trial testimony or evidence from former Opt-in Plaintiffs that were dismissed

**<u>RESERVED</u>.**

IV.     Motion in limine to exclude testimony, evidence, or argument that the FLSA's executive exemption requires sole and/or final decision-making authority for employee actions

**<u>GRANTED</u>.** Pursuant to Plaintiffs' agreement regarding the controlling law (*id.* at 12–13), Plaintiffs are precluded from offering evidence that AutoZone Store Managers must have sole and/or final authority on employment actions to qualify as exempt.

V.     Motion in limine to preclude testimony regarding success of AutoZone

**<u>RESERVED</u>.**

VI.     Motion in limine to preclude testimony regarding any alleged hardship experienced from working long hours

**<u>RESERVED</u>.**

VII.     Motion in limine to exclude unauthenticated job posting from evidence

**RESERVED.**

VIII.    Motion in limine to exclude testimony, evidence, or argument that Store Manager duties must be exclusive and request for limiting instruction

**RESERVED.**

IX.    Motion in limine to preclude testimony or evidence regarding the size of the law firms or residence of any lawyers

**GRANTED.** Pursuant to Plaintiffs' lack of objection (*id.* at 22), this motion is granted.

X.    Motion in limine to exclude testimony or evidence regarding Plaintiffs' hourly rate calculations

**RESERVED.**

XI.    Motion in limine to preclude testimony or evidence regarding any theory that Store Managers are used as "free labor"

**RESERVED.**

XII.    Motion in limine to exclude testimony concerning allegations of discrimination and/or alleged unfair treatment

**GRANTED** as to discrimination allegations pursuant to Plaintiffs' lack of objection (*id.* at 24); **RESERVED** as to balance of motion.

XIII.    Motion in limine to exclude testimony concerning general allegations of bad corporate conduct

**RESERVED.**

XIV.    Motion in limine to exclude testimony or evidence implying Store Managers' work at other stores negates FLSA exemption

**DENIED.**

XV.    Motion in limine to preclude testimony misidentifying AutoZone job aids as uniform AutoZone policies

**DENIED.**

XVI.    Motion in limine to exclude testimony from non-Plaintiff Store Managers and non-disclosed witnesses

**GRANTED** as to non-disclosed witnesses; **RESERVED** as to balance of

the motion.

XVII. Motion in limine to exclude testimony of damages not previously disclosed

**GRANTED.** Pursuant to Plaintiffs' lack of objection (*id.* at 29), this motion

is granted.

**D. Plaintiffs' omnibus motion in limine (Doc. 114): GRANTED IN PART; DENIED IN PART; and RESERVED IN PART**

Plaintiffs request that the Court make several evidentiary rulings; the Court's

rulings on these requests are as follows:

1.    Motion in limine to exclude evidence and arguments that Plaintiffs agreed to or did not complain about their classification as exempt or overtime hours worked or that Plaintiffs self-identified as exempt employees

**RESERVED.**

2.    Motion in limine to exclude evidence and arguments of Plaintiffs' hours worked other than Plaintiffs' testimony, or shifting the burden to Plaintiffs to have maintained contemporaneous records of their hours worked

**GRANTED.** Defendants will be allowed to offer rebuttal evidence of the actual hours worked or present evidence that negates the reasonableness of the employees' testimony.

3. Motion in limine to exclude evidence and arguments regarding Plaintiffs' conduct while employed, performance, or discipline

**RESERVED.**

4. Motion in limine to exclude Plaintiffs' resumes and employment applications

**DENIED.** Plaintiffs' self-drafted resumes and job applications are relevant.

5. Motion in limine to exclude arguments that Plaintiffs received agreed-upon pay

**RESERVED.**

6. Motion in limine to exclude arguments that Plaintiffs' pay was "fair"

**GRANTED.** However, Defendants will be permitted to offer evidence of what other employees earned in comparison to Plaintiffs.

7. Motion in limine to exclude evidence and arguments regarding other AutoZone employees' decision not to opt-in to litigation

**GRANTED.**

8. Motion in limine to ensure Plaintiffs are allowed to remain in the courtroom at all times during trial

**RESERVED.** The Court will address and resolve this issue at the Final Pretrial Conference.

DATED this 30th day of April, 2026.

8

_Dana L. Christensen_

Dana L. Christensen, District Judge
United States District Court